# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RUBEN GREEN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 2:11-cv-094-JMS-WGH |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas
## Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Ruben Green ("Green") for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

### Background

Green is serving a 60-year sentence for the murder of Sharon Glass. On October 31, 2007, the Indiana Court of Appeals affirmed Green's conviction for murder. *Green v. State*, 875 N.E.2d 473 (Ind.Ct.App. 2007). The Indiana Supreme Court denied Green's petition for transfer on December 20, 2007.

Green argues that the State was precluded by the Double Jeopardy clause of the Fifth Amendment from retrying him after his first trial ended in a mistrial. The factual setting of this claim is the following:

> Green was charged with murder and was originally tried in May 2006. During the trial, Detective Claire Hochman discovered she had relevant telephone records in her possession. They were not certified and had not been provided to the defense during discovery. Detective Hochman handed the records over to the prosecutor, who in turn gave a copy to the defense counsel. The State acknowledged they could not be admitted at trial. Neither party informed the judge of this situation.
>
> While Detective Hochman was on the stand, a juror asked a question about phone records. Green's counsel attempted to object, but because the judge was unaware of the discovery violation, he cut

> counsel short and permitted questions about the records. Detective Hochman testified she had records of calls between Glass, Locke, and Green. When the prosecutor began to ask Detective Hochman additional questions, Green's counsel asked to approach the bench. Counsel was finally able to explain the situation to the judge, and a mistrial was declared.

*Id.,* 875 N.E.2d at 476.

### Discussion

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Green filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). Under the AEDPA, a federal court may not grant habeas relief unless the state court's adjudication of a claim resulted in a decision that (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

> Plainly stated, these are demanding standards. This Court has recognized that federal courts should deny a habeas corpus petition so long as the state court took the constitutional standard "seriously and produce[d] an answer within the range of defensible positions."

*Atkins v. Zenk*, 667 F.3d 939, 943-44 (7th Cir. 2012)(quoting *Mendiola v. Schomig,* 224 F.3d 589, 591–92 (7th Cir. 2000)). "Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010).

The settled law of the United States Supreme Court is that a mistrial requested by the defendant because of prosecutorial misconduct does not bar a retrial under double jeopardy principles, unless the prosecutor intentionally misbehaved for the specific purpose of goading the defendant into moving for the mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 676 (1982). The Indiana Court of Appeals acknowledged this, *Green v. State*, 875 N.E.2d at 477, and applied it to the facts as found by the trial judge to support his conclusion that the prosecution did not intentionally cause a mistrial.

> The prosecutor did not intentionally withhold the phone records and did not know about them until near the end of the trial. The issue of the

> phone records came up through a jury question, which the judge required the witness to answer without allowing the parties adequate opportunity to object. In the hearing on the motion to dismiss, the prosecutor stated he felt the trial had been going well and did not want a mistrial. The judge found that to be true. . . .

*Id.* What the prosecution intended, and whether a defendant is "goaded" into seeking a mistrial, are questions of fact as to which state-court determinations are "presumed correct" unless the petitioner can rebut the presumption "by clear and convincing evidence." 28 U.S.C. ' 2254(e)(1); *Sprosty v. Buchler,* 79 F.3d 635, 643 (7th Cir. 1996). Green has not shown by clear and convincing evidence that the finding here should not be accorded a presumption of correctness.

With the trial court's findings in hand, the Indiana Court of Appeals recognized and reasonably applied the standard set forth in *Kennedy. United States v. Oseni,* 996 F.2d 186, 188 (7th Cir. 1993)(explaining that the requirement that the prosecutor specifically intended to trigger a mistrial is critical). In doing so, the Indiana Court of Appeals did not transgress the very deferential AEDPA standards which has already been noted in reasonably concluding that the prosecution did not intend to cause a mistrial at Green's first trial.

### Conclusion

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Green is therefore not entitled to habeas corpus relief based on his claim that he was goaded into a mistrial that bars retrial under *Kennedy*. Green's petition for a writ of habeas is therefore **denied.** Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Green has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/25/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana